COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz,* Elder and Senior Judge Duff

NATIONAL LINEN SERVICE/
 NATIONAL SERVICE INDUSTRIES, INC.

v.    Record No. 1523-94-1                OPINION BY
                                  JUDGE LAWRENCE L. KOONTZ, JR.
REGINALD HERMAN PARKER               SEPTEMBER 5, 1995

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Mary G. Commander (Goldblatt, Lipkin & Cohen,
            P.C., on briefs), for appellant.

            Laura L. Geller (Geoffrey R. McDonald; McDonald &
            Snesil, on brief), for appellee.


        National Linen Service/National Service Industries, Inc.
(employer), a self-insured employer, appeals a decision of the
Virginia Workers' Compensation Commission (commission) awarding
medical fees on behalf of Reginald Parker (claimant) following a
referral to a Regional Medical Costs Peer Review Committee
(committee).  Employer contends that the commission erred in
finding that the committee had properly responded to the
commission's referral and in making an award of fees in the
amount recommended by the committee.  Employer further contends
that the commission erred in ruling that res judicata barred
employer's challenge to the authorized status of the doctor whose
fees were at issue before the committee.  Finding no error, we
affirm.

─────────────

        *Justice Koontz prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Proceedings before the commission established that claimant sustained a compensable injury to his back on August 2, 1990. He received disability and medical benefits thereafter. On January 24, 1992, the commission authorized treatment rendered by Drs. Morales and Floyd through June 18, 1991. In April 1992, employer sought a peer review of medical costs for treatment rendered by Dr. Raymond Iglecia on referral from Dr. Morales. On August 31, 1992, the commission found that treatment rendered by Dr. Iglecia <u>after</u> June 18, 1991 was not authorized. On December 15, 1992, the committee found that all treatment rendered by Dr. Iglecia and his business entities was medically inappropriate for claimant's injury. On the same day, the committee also found that treatment rendered by Dr. Morales, other than his initial consultation and evaluation, was medically inappropriate for claimant's injury.

Dr. Iglecia appealed the decision of the committee to the commission. The commission reversed the committee's decision on the ground that one member of the committee was not disinterested with respect to Dr. Iglecia. The commission, in an opinion dated June 18, 1993, remanded the matter to the committee using the following language:

>       Dr. Morales, authorized treating physician prior to June 20, 1991, prescribed three to four weeks of pain clinic treatment and work hardening under medical supervision. . . .

- Was the medical supervision appropriate to the need of the injured employee?

- Were the support functions appropriate?

- Were the charges appropriate for the services rendered; that is, were they limited to charges for medical and support services which prevail in the same community for similar treatment when such treatment is paid for by the injured person? (Code of Virginia, § 65.2-605)

This matter is remanded to the Regional Peer Review Committee for consideration and for opinion specifying whether all or any treatment by Dr. Iglecia and at his direction was appropriate and whether the charges for services rendered were appropriate. Any deletion or change with regard to charges should be specified in the committee report.

In responding to the remand, the committee stated that the parties "presented their views" and "there was extensive review of medical records regarding the claimant . . . for his treatment April 1, 1991 to May 30, 1992." The committee allowed $9,247 for claimant's treatment by Dr. Iglecia. The committee further noted deficiencies in billings in October 1991 in order to "be helpful to the providers in avoiding further difficulties with insurance carriers . . . ."

Employer sought the commission's review of the committee's report, asserting that the committee had exceeded the mandate of the remand by examining medical records beyond the date of authorized treatment and that the committee had failed to respond with specificity to the interrogatories of the remand. Employer contended that the amount of the award suggested that the committee improperly awarded fees for services rendered after the date of authorized treatment. Employer further contended that,

because the committee previously had found that Dr. Morales' treatments were medically unnecessary, the commission should find that Dr. Iglecia was not an authorized physician.

In entering an award in the amount recommended by the committee, the commission noted that the total medical cost prior to June 18, 1991 was $11,360 and that the $9,247 award recommended by the committee was less than this amount. The commission found that while the committee reviewed medical cost data after June 18, 1991, the record "does not show that they relied on that data in making its (sic) determination." The commission further found that the committee's one-page report adequately responded to the issues presented by the remand. Finally, the commission held that the employer's challenge to the determination of Dr. Iglecia's authority as a treating physician was barred by res judicata. This appeal followed.

II.

STATUTORY SCHEME FOR PEER REVIEW OF MEDICAL TREATMENT AND COSTS

The commission has the power to make adjustments to the fees charged by providers of medical treatment under an award made pursuant to its authority. Code § 65.2-714. In 1980, following the trend of the majority of state jurisdictions, the General Assembly instituted a Peer Review of Medical Costs program to assist the commission in making determinations of reasonableness of fees based upon prevailing local conditions of a given region. See former Code § 65.1-153 et seq.

This appeal presents an opportunity of first impression to

consider the statutory rights of parties under the Peer Review of Medical Costs program. As constituted under the Workers' Compensation Act (the Act), the regional peer review committees are independent bodies administered under the direction of a statewide coordinating committee. See Code §§ 65.2-1301 and -1303. The function of the regional committees is to review medical treatment rendered under a claim authorized by the Act for propriety of utilization and reasonableness of cost.[1] See Code §§ 65.2-1303 and -1304. A referral for review may be made by the commission, by a treating physician or by an "insurance company providing coverage for the cost of any services paid for in whole or in part pursuant to" the Act. Code § 65.2-1305. Thus, the Act does not provide for referrals to a peer review committee initiated by an employer.[2] However, under the facts of this case, we hold that a self-insured employer is an "insurance company" for the purposes of seeking a review of medical utilization and costs under Code § 65.2-1305.

When such review is requested, the committee is empowered to take corrective action only if it determines that inappropriate medical treatment or services were rendered or ordered or

[1]Peer review of appropriate utilization is limited to treatment already rendered pursuant to the Act. The necessity of treatment prior to its being rendered is subject to the exclusive determination of the attending physician or the commission. Code § 65.2-603.

[2]We express no opinion as to whether a non-self-insuring employer could obtain a referral for peer review by requesting that the commission exercise its statutory power to make such referral.

-5-

excessive fees were charged for appropriate care. Code
§ 65.2-1306(A). Accordingly, whenever a committee takes
corrective action, it does so in favor of the insurer and against
the interests of the physician or medical facility which rendered
treatment to the claimant. Obviously, if the committee takes no
corrective action, the positions of the parties remain unchanged.

"Any such [corrective] determination by any regional peer
review committee shall be reviewable by the Commission, which
shall have exclusive jurisdiction to effect any such review."
Code § 65.2-1306(B). The Act expressly provides that the
physician may seek such review. Id. Moreover, it is manifest
within the framework of the claims process that the insurance
company or the self-insured employer may also seek a review by
the commission.

The issue presented by this appeal is what form of review
the commission should apply to a committee determination, and
what standard of review is applicable in this Court to the action
taken by the commission. We hold that these issues are
controlled by the general provisions found in Code § 65.2-714(A):

> Fees of . . . physicians and charges of hospitals for
> services, whether employed by employer, employee or
> insurance carrier under this title, shall be subject to
> the approval and award of the Commission. In addition
> to the provisions of Chapter 13 (§ 65.2-1300 et seq.)
> of this title, the Commission shall have exclusive
> jurisdiction over all disputes concerning such fees or
> charges . . .; appeals from any Commission
> determinations thereon shall be taken as provided in
> § 65.2-706.

The exclusive jurisdiction granted to the commission by this

statute overrides the authority of the committees to make such determinations on referral from the commission. This superior jurisdiction is reconfirmed by the language of Code § 65.2-1306(B).

The nature of the review given by the commission can best be understood by considering the process that would occur if no review of the committee determination is sought. Where a committee determines that a treatment, service or fee was appropriate, that cost is payable by the insurance carrier under a prior award of the commission. Absent a request for review, no further action by the commission is required. Similarly, where the committee determines that a service or treatment was unnecessary or a fee excessive, the physician is bound by that determination, Code § 65.2-1306(C), and absent a review by the commission, must accept the reduced fee and return any excess fees improvidently paid in advance of the determination. Code § 65.2-1306(A).

When a review of a committee determination is sought, however, the commission is not exercising an appellate function over the proceedings of the committee. Rather, it is assuming its jurisdiction pursuant to Code § 65.2-714 to make a final determination of the fees to be awarded for claims payable under the Act. That determination must be based on the record as a whole. While the determination of the committee should be given significant weight as informed opinion, it is neither binding on the commission nor the exclusive portion of the record to be

-7-

considered.

To give the commission traditional appellate oversight of the committees would abrogate the committees' role as independent bodies. Similarly, to extend deferential treatment to the determination of a committee would impermissibly delegate the jurisdiction of the commission. In short, when a review of a committee determination is sought, the party seeking the review merely asks the commission to assume its role as final arbiter of the propriety of treatment, services and fees.

In that role, the commission may take any action that the statute permits. It may, as it did in this case, accept the recommendation of the committee as appropriate when viewed in the context of the whole record. Similarly, if the record supports some further downward modification of the award or some remittitur of the adjustment recommended by the committee, the commission may make such adjustment as is appropriate. The commission may also, as it did in an earlier proceeding of this case, refer the claim back to the committee for further consideration.

Employer contends that the commission erred in not pursuing this latter course. We recognize that decisions of the commission concerning referral to a peer review committee are subject to review once a final determination has been entered by the commission. See Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985). Thus, the decision of the commission to enter a final award rather than refer the

matter back to the committee is reviewable by this Court upon an appeal of the commission's final award.

Although no prior case law construes the standard of review applicable to decisions concerning a peer review referral, we have previously held that the standard of review applicable to decisions of the commission concerning attorney's costs and fees made pursuant to Code § 65.2-714 will not be disturbed in the absence of an abuse of discretion. Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 200-01, 336 S.E.2d 903, 907 (1985). Because the exclusive jurisdiction of the commission to effect a review of a committee determination in Code § 65.2-1306(B) is concordant with and derives from the exclusive jurisdiction to adjust fees for medical treatment and services pursuant to Code § 65.2-714, we hold that the abuse of discretion standard applies to actions of the commission taken pursuant to Code § 65.2-1306.

The record before us shows that the commission considered the record in whole, determined that the committee had adequately responded to its referral and that the determination of the committee was supported by the record. In entering an award in accord with that recommendation, the commission properly exercised its discretionary authority under Code §§ 65.2-714 and -1306(B). A reviewing court, in considering the propriety of a discretionary action of a lower body, must not supplant its discretion for that rendered below. The discretionary act should only be reversed where there is clear evidence that the act was not judicially sound. The action of the commission here was well

reasoned and grounded in facts evident on the record.

Accordingly, we find no abuse of discretion.

III.

AUTHORIZATION OF TREATMENT BY DR. IGLECIA

Finally, we consider employer's assertion that the commission erred in determining that the issue of whether Dr. Iglecia was an authorized physician was barred by res judicata. Employer contends that because the peer review committee determined, in a separate proceeding, that Dr. Morales had rendered unnecessary treatment at the time he referred claimant to Dr. Iglecia, that referral was not authorized and the prior determination by the commission to the contrary was not binding for purposes of res judicata. We disagree.

The question of whether a physician is "authorized" to give treatment by virtue of a referral is a different question from whether the treatment rendered by an authorized physician is "necessary." The former relates to the process of selecting a primary physician and then establishing a chain of referral to the treating physician; the latter relates to the therapeutic or ameliorative relationship between the treatment rendered and the compensable injury or occupational disease.

The mere fact that unnecessary treatment is rendered does not, of itself, divest a treating physician of authorized status, nor does it preclude the possibility that a physician further down the chain of referral can properly treat the claimant by providing necessary treatment. When a physician is within an

-10-

authorized chain of referral, the necessity of the treatment rendered by that physician must be judged on its own merits and without regard to the propriety of actions taken by other physicians in the referral chain.

The commission had previously determined that Dr. Morales was an authorized physician until June 18, 1991 and that the referral to Dr. Iglecia by Dr. Morales was made properly during that time.[3] Any subsequent determination of the necessity of treatment rendered by Dr. Morales was not relevant to the issue of whether his referral to Dr. Iglecia was authorized or whether the treatment rendered by Dr. Iglecia was necessary.[4] Accordingly, the commission's prior determination of Dr. Iglecia's authority as a treating physician was not abrogated by the subsequent denial of fees charged by Dr. Morales for unnecessary treatment. That determination was memorialized in an opinion of the commission which was not appealed to this Court. Accordingly, for the parties subject to that opinion, the matter was res judicata in subsequent proceedings before the commission and this Court.

---

[3]We note further that the commission properly determined that when Dr. Morales ceased to be an authorized physician, the chain of referral was broken and Dr. Iglecia was also divested of his authority to treat claimant under the Act.

[4]Evidence showing that treatment rendered by one physician was unnecessary may be relevant in establishing that treatment rendered by another physician for the same or related condition was also unnecessary. We merely hold that the necessity, or lack thereof, of a treatment rendered by a physician must be established independently from determinations made for treatments rendered by other physicians in the same referral chain.

-11-

For these reasons, we affirm the decision of the commission.

<u>Affirmed</u>.