COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


VIRGINIA BIRTH-RELATED NEUROLOGICAL
 INJURY COMPENSATION PROGRAM
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0969-05-4            JUDGE RUDOLPH BUMGARDNER, III
                                                       NOVEMBER 1, 2005
MAI NGUYEN AND JOSEPH PHAM,
 PARENTS OF SHAYLA PHAM


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Angela Boice Axselle, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General; Francis S. Ferguson, Deputy Attorney
            General, on briefs), for appellant.

            Ann LaCroix Jones (Donna Miller Rostant; Jones & Rostant, PC, on
            brief), for appellees.


        The Virginia Birth-Related Neurological Injury Compensation Program appeals the

amount awarded for attorneys' fees and expenses pursuant to Code § 38.2-5009.  The Program

contends the fees were unreasonable because the Workers' Compensation Commission approved

too many billable hours at too high a rate, approved the use of too many experts, and approved

too many costs and expenses.  It requests this Court to reduce the award to a reasonable amount.

The claimants raised additional questions presented in their brief and contend the fees were

unreasonable for the opposite reasons:  the commission approved too few billable hours at too

low a rate, and did not approve all costs and expenses.  They ask this Court to increase the award

to the full amount claimed by them.  Concluding the fees and expenses awarded were reasonable,

we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parents of Shayla Pham filed a claim for benefits under the Virginia Birth-Related Neurological Injury Compensation Act on May 6, 2004. On June 24, 2004, the Program denied the child qualified for benefits. The hearing was set for September 2, 2004.

The medical advisory panel mandated by Code § 38.2-5008 submitted two reports. The first report, dated July 25, 2004, concluded the child was eligible for program benefits. However, it did not conform to the statutory requirement and contained seemingly inconsistent conclusions. The deputy commissioner ordered a new report and directed that it be completed before the date set for the hearing.

The second report, issued five days before the hearing, concluded the child was not eligible for benefits. The day before the hearing, the Program submitted a statement of position that announced it no longer actively opposed the claim. It also disclosed the report of its reviewing expert, dated July 24, 2004 that the infant met criteria for eligibility. However, the Program never conceded the claim or the sufficiency of the claimants' evidence and put the claimants to the proof of their claim.

During the three-hour hearing, the Program presented no evidence and called no witnesses. While it did not raise a specific defense, it argued that the parents had to prove the child was injured under the Act and disputed that the injury occurred during labor, delivery, or resuscitation. The deputy commissioner issued a detailed opinion that ruled in favor of the claimants in all respects.

As directed, the claimants submitted a petition for the payment of $69,597.68 in fees and costs, Code § 38.2-5009(A)(3), that included a detailed itemization of fees and expenses claimed. The Program responded that the fees and costs were excessive and unreasonable. The parties submitted memoranda after which the deputy commissioner reduced the award to $50,043.19.

Both parties appealed to the full commission,[1] and it affirmed the deputy commissioner's decision. The Program appealed.

Both sides concede, as they must, that the Act provides for reasonable attorney's fees and costs and that this Court reviews the award on an abuse of discretion standard. Code § 38.2-5009(A)(3). See also National Linen Serv. v. Parker, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995).

> Where, as here, a statute authorizes recovery of attorney's fees and expenses, the fact finder is required to determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case. "In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances."

Tazewell Oil Co., Inc. v. United Virginia Bank, 243 Va. 94, 111-12, 413 S.E.2d 611, 621 (1992) (citations omitted).

McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985), stated,

> We believe the key to a proper award of counsel fees to be reasonableness under all of the circumstances revealed by the record. Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis. A trial court is not unmindful of the usual charges within its jurisdiction, and when viewed in the light of the circumstances of a particular case, a relatively modest award may be found to be reasonable.

In fixing the award in this case the commission cited Williams v. Philip Morris, Inc., 69 O.I.C. 207, 69 Va. WC 207 (1990).

> The Commission does not use a fee schedule or a percentage factor in determining reasonable attorney's fees. It does consider the time spent by an attorney; whether he appeared at a hearing or

---

[1] The Program also sought to re-open the case to present additional evidence of the local hourly rate and the appropriate number of hours to allot to the claim. The commission denied the petition because it saw no reason the evidence was not submitted to the deputy commissioner.

deposition; his ability and skill as reflected by the result of his efforts, the actual results which inure to the benefit of the party against whom an attorney's fee is to be assessed; and other relevant circumstances.

The claimants' itemization statement reflected attorney's fees of $59,837.50. They consisted of 200.45 hours at $250/hour for the lead attorney, 33.2 hours at $250/hour for a second attorney, and 19 hours at $75/hour for a paralegal who was also a registered nurse. The claimed expenses of $9,760.18 consisted of expert witnesses fees of $7,555.50 and expenses of the law firms handling the claim. The Program objected to all aspects of the itemization.

The commission carefully reviewed the parties' arguments and the entire record, which included the petition, the itemized billing statement, an affidavit of reasonableness from a local attorney, and the commission's recent decisions setting reasonable attorney's fees. It reduced the amount claimed to $50,043.19 by reducing the rate and the hours. It reduced the hourly rate for the attorneys from $250 to $200 and the rate for the paralegal from $75 to $65. The commission reduced billable hours for the lead attorney from 200.45 to 177.25 because it found the time spent preparing a motion to strike the Program's defenses and for a rule to show cause was "unnecessary and excessive." It also reduced hours allowed for the second attorney from 33.2 to 19 because of unnecessary time spent preparing for trial. While agreeing that the expert witness fees appeared high, the commission noted that the medical issues were complex and that the deputy commissioner had "benefited from" their reports and testimony. The commission did not reduce that claim but did slightly reduce expenses for items that it found properly included in the firm's overhead.

This Court, "in considering the propriety of a discretionary action of a lower body, must not supplant its discretion for that rendered below. The discretionary act should only be reversed where there is clear evidence that the act was not judicially sound." National Linen Serv., 21 Va. App. at 19, 461 S.E.2d at 410. Our role is not to resolve fee disputes or to justify

- 4 -

compensable hours, but to ensure that the commission has not abused its discretion. Unless we can determine, as a matter of law, that the award was unreasonable, we must affirm.

After a careful review of the record, the commission found no abuse of discretion in the deputy commissioner's reduction in the hourly rate or expenses. It also found the number of hours and expenses awarded "justified and reasonable in this complex case." Until literally the day before the hearing, the claimants had to be prepared to prove their child was entitled to benefits under the Act, and it was unclear upon what grounds the Program was rejecting her. The claimants needed to obtain a third medical expert shortly before the hearing after they received the second medical advisory panel report that denied qualification based upon a new medical finding. That also forced additional last minute trial preparation by the claimants' attorneys.

The Program argues the fees are unreasonable on their face, exorbitant because the claim required only one appearance, and the evidence failed to support even the reduced award. It maintains the claimants unjustifiably over-prepared and duplicated efforts and expenses. However, the Program forced the claimants to prove all aspects of the claim even after withdrawing active opposition the day before the hearing. Even so, the commission reduced the fees to the amount the Program maintained was the maximum that should be allowed the attorneys and paralegal.[2] It also reduced the hours for amounts it found unnecessary.

While the Program claims the award was too high, the claimants counter that they were too low and should not have been reduced at all. However, the decisions reached by the commission fall within the parameters established by the evidence bearing on what is a reasonable amount under the circumstances of this case. Thus, credible evidence supports the

---

[2] An exhibit in the record reflects that the Program engages attorneys to defend claims at a rate higher than the maximum fee charged by the claimants' attorneys to which the Program objected.

commission's decision, and we cannot say as a matter of law that it was unreasonable or that the facts mandated a different result. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The action of the commission here was well reasoned and grounded in facts evident on the record. Accordingly, we find no abuse of discretion." National Linen Serv., 21 Va. App. at 19-20, 461 S.E.2d at 409. We affirm the commission.

Affirmed.