COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Fulton and White

ARMANI MAXWELL MYRICK

v.      Record No. 1097-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE KIMBERLEY SLAYTON WHITE
JULY 29, 2025

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Wallace W. Brittle, Jr., Judge

(Andrew J. Sells; Gordon, Dodson, Gordon & Rowlett, on brief), for appellant.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant Attorney General, on brief), for appellee.


Armani Maxwell Myrick pleaded guilty to second-degree murder, use of a firearm in the commission of a felony, and felon in possession of a firearm. The trial court accepted the pleas and scheduled a sentencing hearing. Before sentencing, Myrick filed a motion to withdraw his guilty pleas. The trial court, after a hearing, denied this motion. On appeal, Myrick argues that the trial court erred in denying his motion to withdraw his guilty pleas. Finding no error, we affirm the trial court.[1]

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

*Hudson*, 265 Va. 505, 514 (2003)). That principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On November 9, 2022, Myrick pleaded guilty to amended charges of second-degree murder, use of a firearm in the commission of the same, and felon in possession of a firearm. The trial court conducted a thorough colloquy, and Myrick assured the court that he understood the nature of the charges against him, that he was pleading guilty because he was actually guilty, and that he had discussed the consequences of his plea with his attorney, whose services he averred were satisfactory. The court reviewed the plea and waiver of rights forms with Myrick, who represented that he had read and understood them. The trial court then found that Myrick's pleas were entered freely, voluntarily, and intelligently. Following the Commonwealth's evidentiary summary, the trial court found Myrick guilty and continued the matter for sentencing.

Prior to sentencing, on April 5, 2023, Myrick filed a motion to withdraw his guilty pleas, stating that he believed he had a reasonable defense to the charges and wished to move forward with trial.

On August 2, 2023, the trial court held a hearing on Myrick's motion to withdraw. Myrick testified that he had felt pressured by his family and by counsel to accept the plea deal. Myrick stated that he felt he didn't have a "stable defense" and that one of his witnesses, his grandfather, was in the hospital and unable to attend trial. His grandfather, Myrick claimed, would testify that Myrick had been seen with the victim's estranged wife in the days preceding the murder, and would also provide video evidence of the same. Myrick failed entirely when questioned by the trial court to explain the relevance of this information, asserting only that it was "a piece of his defense."

- 2 -

Myrick further testified that he felt he wouldn't be able to get a continuance so his grandfather and "more witnesses" could attend and that he didn't understand "the guilty part" of his plea. However, Myrick admitted that he had not expressed any reluctance during his plea, nor had he requested a continuance. Further, when the trial court asked Myrick what mistake of material fact he labored under during the plea, Myrick responded that the mistake was "actually taking the plea deal."

The trial court denied Myrick's motion to withdraw, noting that the passage of time had inflicted "minor prejudice" against the Commonwealth, that Myrick had not presented a reasonable defense, and that while the court believed the motion was made in good faith, it was ultimately a case of "buyer's remorse" over the negotiated plea. On June 12, 2024, the trial court sentenced Myrick to a total active sentence of 24 years' imprisonment. Myrick then appealed.

ANALYSIS

Myrick argues that the trial court abused its discretion in denying his motion to withdraw his guilty pleas for a number of reasons. First, he argues that he was unduly influenced to plead. Second, he contends the trial court erred in finding withdrawal would inflict "minor prejudice" to the Commonwealth. Third, Myrick seizes upon an apparent misstatement of law made by the court during the hearing as fatal error. Finally, Myrick argues that he presented a "reasonable defense" to the court. Each argument fails.

We review a trial court's decision denying a motion to withdraw a guilty plea for abuse of discretion. *Spencer v. Commonwealth*, 68 Va. App. 183, 186-88 (2017); *see also Pritchett v. Commonwealth*, 61 Va. App. 777, 785 (2013). We reverse the trial court's decision "only upon 'clear evidence that [the decision] was not judicially sound.'" *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998) (alteration in original) (quoting *Nat'l Linen Serv. v. Parker*, 21 Va. App. 8, 19 (1995)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Ramsey v. Commonwealth*, 65 Va. App. 593, 599 (2015) (quoting

*Williams v. Commonwealth*, 59 Va. App. 238, 246-47 (2011)).  In exercising its discretion, the

trial court "has a range of choice, and . . . its decision will not be disturbed as long as it stays

within that range and is not influenced by any mistake of law."  *Id.* (alteration in original)

(quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).  "In

a proceeding free of jurisdictional defects, no appeal lies from a punishment fixed by law and

imposed upon a defendant who has entered a voluntary and intelligent plea of guilty."  *Allen v.*

*Commonwealth*, 27 Va. App. 726, 729 (1998).

Code § 19.2-296 states that a "motion to withdraw a plea of guilty or nolo contendere may

be made only before sentence is imposed or imposition of a sentence is suspended[.]"  A defendant

who wishes to withdraw a plea before sentencing:

> then bears the burden of establishing the following: "(1) the plea of
> guilty was submitted in good faith under an honest mistake of
> material fact or facts . . .; (2) the evidence supporting the motion
> shows that there is a reasonable defense to be presented to the
> charge; (3) granting the motion will not unduly prejudice the
> Commonwealth; and (4) the motion to withdraw the plea was not
> filed merely to cause undue delay in the administration of justice or
> [otherwise represents] bad faith or misconduct by or on behalf of the
> defendant."

*Commonwealth v. Holland*, ___Va. ___, ___ (Jan. 16, 2025) (alterations in original) (quoting

*DeLuca v. Commonwealth*, 73 Va. App. 567, 579 (2021)).

Myrick has failed to allege on brief any mistake of material fact.  Even at the hearing,

Myrick only argued that his decision to plead was a mistake of fact.  As such, we need not consider

this argument.  Rule 5A:20(e).[2]

---

[2] "Rule 5A:20(e) requires that an appellant's opening brief contain '[t]he principles of
law, the argument, and the authorities relating to each [assignment of error].'  Unsupported
assertions of error 'do not merit appellate consideration.'" *Jones v. Commonwealth*, 51 Va. App.
730, 734 (2008) (alteration in original) (quoting *Buchanan v. Buchanan*, 14 Va. App. 53, 56
(1992)), *aff'd in part, vacated in part*, 279 Va. 52 (2010).  "[W]hen a party's 'failure to strictly
adhere to the requirements of Rule 5A:20(e)' is significant," this Court may treat the question as

Nor has Myrick established that he pleaded guilty under undue influence. "When determining whether the existence of undue influence is sufficient to merit the withdrawal of a defendant's guilty plea, [appellate courts] focus on whether that influence negated the defendant's ability to enter his or her plea freely and voluntarily." *Jones v. Commonwealth*, 29 Va. App. 503, 514 (1999). The record shows that Myrick felt "pressured" by his family and attorney to accept the plea deal, but there is no evidence to show that any "pressure" negated his ability to freely and voluntarily plead. Further, the trial court conducted a thorough colloquy in which Myrick affirmed he was pleading guilty because he was, in fact, guilty. Because the record contains no evidence of undue influence, and because we treat the trial court's findings of fact with a high degree of deference, we cannot say the court abused its discretion in finding no undue influence.

Myrick does not advance any defense on brief, reasonable or otherwise. Rather, he seizes upon an isolated misstatement of the trial court made from the bench. The trial court, considering Myrick's testimony, made the following statement:

> The cases that I looked at, they did concentrate, and they don't always use the term reasonable defense. Some of them use the term that the Commonwealth's evidence, or what needed to be proved or but *Deluca*, in 2021, did use the term reasonable defense. The Court does not read that to mean an affirmative defense or even an alibi, but a reasonable reason, a reasonable reason that a conviction would be supported by the Commonwealth's evidence and I haven't heard that. I find that prong number two to be completely void of any substantial evidence and I find it to be without merit.

Myrick assigns error to the phrase "a reasonable reason that a conviction would be supported by the Commonwealth's evidence." It is plain in context that this phrase was either an isolated misstatement or otherwise a scrivener's error on behalf of the court reporter. The trial court was obviously musing on the lack of any defense forwarded by Myrick. In any case, the court clearly

waived. *Parks v. Parks*, 52 Va. App. 663, 664 (2008) (quoting *Jay v. Commonwealth*, 275 Va. 510, 520 (2008)).

understood and ruled in conformity with the law, and we do not "fix upon isolated statements of the trial judge taken out of the full context in which they were made and use them as a predicate for holding the law has been misapplied." *Turner v. Massie MHP, LLC*, 81 Va. App. 600, 613 (2024) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)).  Nor does Myrick advance a reasonable defense on brief.  This argument, accordingly, fails.

Myrick asserts that the trial court erred in finding "minor prejudice," where the standard was "undue prejudice."  However, this was hardly the only basis for the court's ruling, nor does it appear the trial court relied solely on this determination in denying Myrick's motion to withdraw the guilty pleas.  As such, his argument fails.

### CONCLUSION

Because Myrick has failed to establish any undue influence or mistake of material fact, the trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas.  For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed*.