COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Lemons and
          Senior Judge Duff
Argued at Alexandria, Virginia


JOSE BALMORIS MORENO
                              MEMORANDUM OPINION[*] BY
v.     Record No. 1126-98-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                     MAY 4, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

          Matthew T. Foley for appellant.

          Ruth M. McKeaney, Assistant Attorney General
          (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Jose Balmoris Moreno (appellant) contends that the trial

court abused its discretion in denying his request to withdraw

Alford pleas to murder, malicious wounding, and two counts of

using a firearm in the commission of a felony.  For the reasons

that follow, we affirm his convictions.

                     I.  BACKGROUND

     Appellant was charged with five offenses that occurred on

February 24, 1996.  On February 3, 1997, the parties entered

into a plea agreement, wherein the Commonwealth agreed to nolle

prosequi a conspiracy to commit murder charge and appellant

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

agreed to plead guilty to murder, malicious wounding and the firearm charges, pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). The parties also agreed that appellant "shall be sentenced to serve less time" than Marvin Serrano, the codefendant who was awaiting sentencing at the time of appellant's plea. The plea form and agreement included the following provisions:

> 6. My attorney has explained to me what the Commonwealth (the prosecutor) must prove in order to convict me of the crime[s] that I am pleading guilty to. I have told my attorney everything I know about the charge[s] against me. I have discussed with my attorney any possible defenses I might have to the charge[s] against me.
>
> 7. I understand that by pleading guilty I give up all objections to the admissibility of evidence, . . . .
>
> 8. I understand that I have a right to plead "Not Guilty" to the charge[s] against me, but I want to give up that right and plead guilty instead. . . . In particular, I understand that by pleading guilty I give up:
>
>    *     *     *     *     *     *     *
>
> C. The right to see and hear all witnesses against me and the right to cross-examine those witnesses;
>
>    *     *     *     *     *     *     *
>
> 10. I understand that by pleading guilty I may receive the same penalties as if I had been convicted of the same crime after a trial by a jury or by a judge sitting without a jury. . . .
>
>    *     *     *     *     *     *     *

-

17. I still claim innocence but I freely and voluntarily plead guilty to the crimes described in paragraph 3, above, because I have decided it is in my interest to do so.

18. There is no agreement about what sentence I will receive and I understand that both my attorney and the Commonwealth are free to argue their views at the time of my sentencing and to make recommendations to the judge. The judge may suspend a part or all of the sentence or the judge may not suspend any of it.

It is, however, agreed that the defendant shall be sentenced to serve less time than Marvin Serrano who has been convicted of these same crimes as a principal in the first degree and who is currently awaiting sentencing.

At the time appellant and the Commonwealth's Attorney presented the plea agreement to the trial court, the following colloquy occurred between the trial court and appellant:

BY THE COURT:

Q. Would you state your full name for the record, please.

A. Jose Balmorez [sic] Moreno.

Q. Are you the same individual that is mentioned in Indictments 96-751, 96-752, 96-753 and 96-754?

A. Yes.

Q. How old are you?

A. Nineteen.

Q. How much education have you had?

A. I went to school from first grade to tenth grade.

-

Q. Can you read and write?

A. Well, I can't read really much, but --

Q. Well, does your attorney know everything that you know about these charges? You have discussed all of them with him?

A. Yes.

Q. Does he know everything that you know about all of these charges?

A. Excuse me?

Q. Does your lawyer know everything that you know about these charges?

A. I don't know.

Q. Well, did you tell him everything you know?

(No response.)

Q. You are charged with murder. Does he know what you know about that?

A. Yes.

Q. How about the use of a firearm? Did you tell him everything that you know about the use of the gun?

(No response.)

Q. Did you keep anything from him?

A. I don't understand what you're saying.

Q. That's pretty obvious. . . . Have you discussed this plea with him?

[COUNSEL]: Your Honor, I have gone over it with him. I would relate to the Court that he is extremely nervous about this. And I do think he has told me everything that he knows about this case. I just don't think

-

he understood the Court's question, that being what the question was.

Q.   Is there anything about these cases, these charges, that you know of that you haven't told your lawyer?

A.   No, I have told him everything.

Q.   It's my understanding that your desire is to plead guilty to these charges.  Is that correct?

A.   Well, Your Honor, I pled [sic] guilty, but I am not guilty.

[COUNSEL]:  Your Honor, he's pleading pursuant to the Alford doctrine.

Q.   Tell me what an Alford plea is.

A.   Pleading guilty without admitting that you are guilty, but because of the evidence there is against you.

Q.   Well, are you aware that the legal consequences of an Alford plea are the same as a guilty plea, or a finding of guilt by the Court?

A.   No.

(The defendant and his counsel confer.)

A.   Yes, I understand.

Q.   Well, let me ask you a question:  If the Court accepts this Alford plea, what is the maximum time you could get in prison for murder?

A.   Life.

Q.   What is the difference between that and if you plead guilty?  You get the same punishment, or you could get the same punishment, couldn't you?

A.   Yes.

-

Q. Do you understand that the legal consequences, being the sentence that you get, for example, are the same then for both pleas? A plea of guilty, you are subjected to life. If you plead the Alford plea and the Court accepts it, you are still subjected to life. Do you understand that?

A. Yes.

Q. And the same would apply to all of these other charges. Are you aware of that?

A. Yes.

Q. And are you aware that by entering this plea, you have waived your right to a jury trial?

A. Yes.

Q. You waive your right to cross-examine witnesses that may testify against you?

A. Yes.

Q. You waive your right to remain silent. Are you aware of that?

A. Yes.

Q. And you waive your right to an appeal?

A. Yes.

Q. The punishment range for murder is up to life in the penitentiary; for the use of a firearm, it's up to three years in the penitentiary . . .; for a repeat offender, it is up to five years; and malicious wounding it is up to twenty years. Are you aware of that?

A. Yes.

Q. I have an agreement that appears to be signed by you on the fifth page. Did you discuss this agreement with your lawyer?

-

A. Yes.

Q. Did you discuss it with your lawyer?

A. Yes.

Q. Did he read it to you?

A. Part of it, yes, sir.

Q. Well, did you read it?

A. Yes.

Q. I thought you said you couldn't read.

A. Well, I didn't understand some of it.

Q. Well, do you understand this agreement? Have you had enough time to discuss it with your attorney?

A. Yes.

Q. Has anyone threatened you to get you to do this?

A. No.

Q. Has anyone promised you anything to get you to do this?

A. No.

Q. Is it your desire to enter the Alford plea at this time?

A. Yes.

Q. Let the record reflect that the plea is made freely and voluntarily with an understanding of its nature and its consequences.

The Commonwealth then summarized the evidence in the case, which established the following: (1) the shooting was

-

gang-related; (2) appellant, who was one of four people in the car, was the "armer" or individual who provided the weapon and directed the driver where to go; and (3) appellant had previously engaged in a physical altercation with members of the other gang. After the proffer of evidence by the Commonwealth, appellant's counsel indicated the following, "Your Honor, that's correct. I have investigated the case, and it is my belief based on that that the Commonwealth would be in a position to put on the evidence that they have just described." Accordingly, the trial court accepted appellant's pleas and found him guilty on all charges.

On September 12, 1997, the date scheduled for sentencing, appellant moved to withdraw his pleas. Appellant's only evidence consisted of hearsay testimony from Dana Potter, the mother of appellant's infant child. Potter testified that she visited the codefendant in jail about three months earlier and that the codefendant "said it could be somebody else [referring to a person other than appellant]."

The trial judge noted that appellant "had very able and capable counsel at the time of the plea" and that defense counsel carefully instructed appellant during the February 3, 1997 hearing "to make sure there was no misunderstanding what the Court was saying and what his answers were." The trial court made the following finding:

-

> There's no doubt in my mind that at the time [appellant] entered this plea, as I stated then, it was made freely, it was made voluntarily, and it was made with the understanding of its consequences. And I haven't heard anything today to change that.

Accordingly, the trial court denied appellant's motion to withdraw his Alford pleas.

## II.  WITHDRAWAL OF PLEA

Appellant asserts no claim that his Alford pleas were entered involuntarily or that he entered them under fear, duress, coercion, fraud, or official misrepresentation. However, he argues that he misunderstood the nature and effect of his pleas. Additionally, appellant contends that he mistakenly agreed to the plea agreement because he feared that his codefendant would testify at trial untruthfully.

A defendant has no absolute right to withdraw a plea of guilty or nolo contendere; rather, such privilege is permissive. See Code § 19.2-296.

> [W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. No fixed or definite rule applicable to and determinative of all cases can be laid down. However, the motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue

-

<u>influence</u> and would not otherwise have been made.

<u>Parris v. Commonwealth</u>, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949) (emphasis added).

"'[T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it can not be disturbed.'" <u>Hoverter v. Commonwealth</u>, 23 Va. App. 454, 465, 477 S.E.2d 771, 776 (1996) (quoting <u>Yates v. Commonwealth</u>, 4 Va. App. 140, 143, 355 S.E.2d 14, 16 (1987)).

In the instant case, the trial court examined appellant thoroughly and conscientiously before accepting his pleas. That examination, consisting of more than twenty direct questions about the plea agreement, underscores that appellant's pleas were freely and voluntarily made. When appellant indicated at the February 3, 1997 hearing that he did not understand some of the trial court's questions, the trial judge either explained the question again or stopped the questioning and allowed counsel to confer with appellant. At the hearing on appellant's motion to withdraw his pleas, the trial judge noted the following:

> COURT: First of all, [appellant] had very able and capable counsel at the time of the plea. <u>And what the record doesn't reflect is that those breaks in the colloquy were considerable. And that able counsel . . . took advantage of that time and talked to</u>

-

> [appellant], to make sure what the Court was
> saying and what his answers were.

(Emphasis added).  The trial judge's finding that appellant's

pleas were made voluntarily, intelligently and knowingly is

supported by the evidence in the record, and we are unable to

say that this finding was plainly wrong.

Next, we turn to appellant's argument that he mistakenly

agreed to the plea agreement because he feared that his

codefendant would testify at trial untruthfully.  At the hearing

in support of his motion to withdraw, appellant offered the

testimony of Potter, who recited statements allegedly made by

the codefendant.  Although Potter was allowed to testify about

the codefendant's statements, the court concluded that the

testimony was inadmissible, hearsay evidence.  Accordingly, the

trial court rejected appellant's claim that his motion should be

granted because there was a change in the evidence.

In Jefferson v. Commonwealth, 27 Va. App. 477, 500 S.E.2d

219 (1998), we considered an analogous situation.  There, the

defendant attempted to withdraw his plea of nolo contendere,

prior to sentencing, because counsel learned that the

Commonwealth's primary witness had made a pretrial statement

tending to exculpate the defendant.  In support of his motion,

defendant asserted that he decided to enter a plea of nolo

contendere based upon the witness' testimony.  He argued that

his decision to enter a plea would have been different had he

-

been aware of the opportunity to impeach the witness.  See id. at 483, 500 S.E.2d at 222.

On appeal, we affirmed the trial court's decision denying defendant's motion to withdraw his pleas.  Specifically, we held that the non-disclosure of the exculpatory evidence did not affect defendant's decision to enter a plea of nolo contendere because "nothing in the record, save defendant's post-trial assertions, suggests a reasonable probability that nondisclosure of [the witness'] pretrial statements had even the 'least' influence on his decision to plead nolo contendere."  Id. at 488, 500 S.E.2d at 225.  See also Jones v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1999) ("As evidenced by the terms of his plea agreement, appellant waived his right to confront and cross-examine [the codefendant] upon deciding that guilty pleas were in his best interest.").

In the instant case, the only evidence before the trial judge was the inadmissible, hearsay evidence of Potter, who recited the codefendant's alleged statements.  Viewing the record in its entirety, appellant failed to present any competent or admissible evidence to indicate that his pleas were involuntary, based upon an honest mistake of material fact, or induced by fraud, coercion or undue influence.  Likewise, appellant failed to show that the Commonwealth did not honor the terms of the plea agreement, or that, contrary to the terms of the agreement, the trial judge imposed a sentence greater than

-

that imposed on the codefendant.  Finding no error, we affirm

appellant's convictions.[1]

Affirmed.

---

[1]We reject appellant's argument that by entering an Alford plea, he is placed in "a more favorable position" for withdrawal of his plea than a defendant who has entered a guilty plea.  An Alford plea or plea of nolo contendere carries some of the same consequences as a guilty plea, including the standard for reviewing a motion to withdraw a plea under Code § 19.2-296. See Jefferson, 27 Va. App. at 485, 500 S.E.2d at 223 (holding that pleas of guilty and nolo contendere are treated "alike in the context of a motion to withdraw" a plea under Code § 19.2-296); Allen v. Commonwealth, 27 Va. App. 726, 729 n.1, 501 S.E.2d 441, 443 n.1 (1998) (holding that "the plea of nolo contendere, or no contest, [was] equivalent to a plea of guilty" for purposes of determining whether the plea was entered voluntarily, intelligently and knowingly); see also Clausen v. Commonwealth, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999) (holding that plea of nolo contendere, like a guilty plea, constitutes a waiver of right to appeal all non-jurisdictional issues).