COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Frank and Petty

CHARLES ROBERT FOSTER

MEMORANDUM OPINION*
v.      Record No. 0812-21-1                          PER CURIAM
                                                      MAY 31, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
David W. Lannetti, Judge

(Eric P. Korslund; Law Office of Eric Korslund, P.L.L.C., on brief),
for appellant.

(Jason S. Miyares, Attorney General; Sharon M. Carr, Assistant
Attorney General; on brief), for appellee.  Appellee submitting on
brief.

Counsel for Charles Robert Foster, appellant, filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967).

A copy of that brief has been furnished to Foster with sufficient time for him to raise any matter

that he chooses.  Foster has not filed any supplemental pleadings.  After examining the briefs and

record in this case, we affirm the trial court's judgment.

Upon his guilty plea, the trial court convicted appellant of aggravated malicious wounding

and sentenced him to fifty years' incarceration with sixteen years suspended, leaving appellant with

an active sentence of thirty-four years.  On appeal, he argues that the trial court abused its discretion

in fashioning the sentence.  After examining the briefs and record in this case, the panel

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

## BACKGROUND

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Yerling v. Commonwealth*, 71 Va. App. 527, 530 (2020) (quoting *Vasquez v. Commonwealth*, 291 Va. 232, 236 (2016)). This standard requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

On June 13, 2018, appellant pleaded guilty to aggravated malicious wounding. Before accepting appellant's guilty plea, the trial court conducted a colloquy to ensure that appellant was entering his plea freely and voluntarily. Appellant confirmed that he had discussed the charge with his attorney and knew the maximum punishment for the offense.

At the sentencing hearing, Mia Kirkwood, appellant's former wife, testified that on February 20, 2017, while they were still married, appellant arrived at her workplace very early in the morning. Appellant was angry with her because he believed he was entitled to a portion of her income tax refund which she had refused to give him. Kirkwood saw appellant in the parking lot when she went outside to move her car. When she "noticed his eyes," she "immediately started running." Suddenly, appellant stabbed Kirkwood "straight across [her] back," and she fell to the ground. Kirkwood "had to get over a hundred stitches" to close the wound and spent more than three days in the hospital. Her wound required follow-up treatments, and she still experienced pain "every time it rains, when it's cold, [and] even sometimes at night out of the blue . . . ." Kirkwood has a scar on her back that is "longer than a 12-inch ruler" and,

because of her keloids, the scar is raised off her skin. Kirkwood testified that the experience "has ruined [her] for the rest of [her] life" and that she has been diagnosed with post-traumatic stress disorder, depression, and "severe anxiety."

Acknowledging that appellant apologized to Kirkwood in allocution, the trial court nevertheless emphasized "the lack of remorse that has been shown by the defendant throughout" the case. The court highlighted the seriousness of the offense, the severity of Kirkwood's wounds, and the negative impact the attack has had on her life when it sentenced appellant to thirty-four years of active incarceration.[1] This appeal followed.

ANALYSIS

Appellant argues that the trial court abused its discretion by sentencing him to an active term of incarceration of thirty-four years. "Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges." *Du v. Commonwealth*, 292 Va. 555, 563 (2016). "When exercising its discretionary power, . . . the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 564 (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). Accordingly, we may reverse a trial court's sentencing decision "only upon clear evidence that [the decision] was not judicially sound[.]" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (alterations in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)). "[I]n conducting our review, 'we are bound by the trial court's findings of historical

---

[1] The discretionary sentencing guidelines recommended a range from fifteen years and seven months to thirty-four years and eight months.

fact unless plainly wrong or without evidence to support them . . . ." *Id.* (quoting *Branch v. Commonwealth*, 60 Va. App. 540, 548 (2012) (second alteration in original)).

"Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). The Virginia criminal sentencing guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007). They are "merely procedural tools to assist and guide a judge in the exercise of the judge's sentencing discretion." *Luttrell v. Commonwealth*, 42 Va. App. 461, 468 (2004). Thus, "the [trial] court was required only to consider the sentencing guidelines before sentencing [appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment." *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)). The task of sentencing "rest[s] heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Du*, 292 Va. at 563.

Here, the record demonstrates that the sentencing court considered the discretionary sentencing guidelines, the circumstances of the offense, and appellant's history and characteristics—including his mental health. After considering all the evidence and explaining its reasoning on the record, the trial court sentenced appellant within the statutory range set by the General Assembly. *See* Code § 18.2-51.2. We do not assess the appropriate application of any aggravating or mitigating factors supporting a trial court's sentencing decision. It is within the trial court's purview to weigh any mitigating factors appellant presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Appellant's sentence was "within the statutory range, and our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Charles Robert Foster is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*