COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Clements and Frank

MELVIN DALE GUNTER, JR.

                                              MEMORANDUM OPINION*
v.       Record No. 1421-21-2                      PER CURIAM
                                                 AUGUST 16, 2022
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
S. Anderson Nelson, Judge

(Ashley E. Hedrick, on brief), for appellant.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.

Counsel for Melvin Dale Gunter, Jr. (appellant) filed a brief on his behalf accompanied by a

motion for leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). A

copy of that brief has been furnished to Gunter with sufficient time for him to raise any matter that

he chooses. Gunter has not filed any *pro se* supplemental pleadings. After examining the briefs and

record in this case, we affirm the trial court's judgment. We unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Appellant pleaded guilty to two counts of possession of a Schedule I or II drug with intent to

distribute and one count of possession with intent to distribute one hundred grams or more of

methamphetamine. On appeal, appellant argues that the trial court abused its discretion by

sentencing him to a total of forty years' incarceration, with thirty years suspended.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013). Following appellant's guilty pleas, the Commonwealth proffered the following evidence to the trial court. On December 1, 2020, a confidential informant told the Central Virginia Regional Drug Task Force (the "task force") that appellant had agreed to sell him $200 of methamphetamine. Appellant and the informant met in the Walmart parking lot in Appomattox County. Appellant directed the informant to enter his vehicle, which was driven by a third person, and the three men left the parking lot. During the trip, the informant exchanged $200 for appellant's package of suspected methamphetamine. The driver returned the informant to the parking lot, where the informant turned the package over to the task force. The task force sent the package to the Commonwealth of Virginia Department of Forensic Science, which determined that the package contained 4.63 grams of methamphetamine.

On January 21, 2021, the informant told the task force that appellant would sell him one-half of an ounce of methamphetamine for $500. The informant again met appellant in the Walmart parking lot, and at appellant's request, he entered appellant's vehicle. In the vehicle, the informant exchanged $500 for a package containing purported methamphetamine. The Department of Forensic Science determined that the package contained 9.8 grams of methamphetamine.

On March 8, 2021, the informant and appellant agreed to exchange four ounces of methamphetamine for $2,500. Appellant and the informant met in the Walmart parking lot, where appellant entered the informant's vehicle. After the two men left the parking lot, the confidential informant exchanged $2,500 for what the Department of Forensic Science later determined to be 111.31 grams of methamphetamine. Appellant told the informant that "he ha[d nine] years hanging over his head and if he gets hit again that it is game over for him." During the trip, the informant

asked appellant about "getting a better price," and appellant told him that he could get him a whole pound, which would cost him $8,500.

Appellant pleaded guilty to two counts of possession of a Schedule I or II drug with intent to distribute and one count of possession with intent to distribute one hundred or more grams of methamphetamine. The trial court engaged in a plea colloquy with appellant, during which he acknowledged that he faced a maximum sentence of lifetime incarceration plus eighty years. The trial court accepted appellant's guilty pleas and convicted him on all charges.

At the sentencing hearing, appellant testified that his father was addicted to drugs and that appellant had "always been involved in drug use." Appellant stated that he began using drugs at the age of nineteen and suffered from a "serious substance abuse problem." Appellant stated that he previously used cocaine every day, but in 2018, he began using methamphetamine. Appellant testified that he attended two drug treatment programs but was "kicked out" of one for failing a drug test.

Appellant stated that after his incarceration for a substance-related conviction in Buckingham County, he did not use drugs for three months. Appellant admitted that he resumed his use of drugs due to stress after his father died and his aunt moved out of the house. Appellant acknowledged his criminal history, which included probation violations and crimes involving violence and property theft. Appellant equivocated as to whether he was a "drug dealer."

Appellant stated that after his release on the instant charges, he did not want to continue using drugs and wanted to return to the community. Appellant intended to return to his former occupation and continue making screened-in porches.

At the conclusion of the evidence, the Commonwealth requested that the trial court sentence appellant to a total of forty years' incarceration, with thirty years suspended.[1] Appellant argued that a sentence of two and a half to three years would be "more appropriate." During allocution, appellant discussed that he was a drug addict and that he sold drugs but maintained that he was not a drug dealer. Appellant stated that methamphetamine "makes [him] so high that [he's] not thinking about what [he's] doing."

The trial court found that appellant knew he was doing wrong because he told the informant that he had "time hanging over [his] head." The trial court considered appellant's three instant drug distribution charges, his previous charge in Buckingham County, and two other drug-related charges for which sentencing was pending. Additionally, the trial court noted that appellant's sales were over the course of months, and increased with each sale, rising to the amount of $2,500 for the final sale. The trial court concluded that this conduct was beyond "selling to support [appellant's] habit," and instead constituted dealing drugs.

The trial court found that appellant had not accepted responsibility for his conduct because appellant blamed his actions on his family and other outward pressures, instead of himself. The trial court considered appellant's "significant criminal history" and stated that even after he was incarcerated for a year he still "didn't get it." The trial court discussed how after appellant's release from incarceration, he obtained a job but lost it after he resumed using drugs. The trial court stated that its goal in sentencing appellant was to punish him, rehabilitate him, and protect the public. To that end, on the charge of possession with intent to distribute one hundred grams or more of methamphetamine, the trial court sentenced appellant to twenty years' incarceration, with ten years

---

[1] The Commonwealth had agreed that the mandatory minimum sentence of twenty years for appellant's conviction of possession with intent to distribute one-hundred grams or more of methamphetamine was not applicable under the factors in Code § 18.2-248(H)(5).

suspended. On each of the remaining distribution charges, the trial court sentenced appellant to ten years' incarceration, all suspended. This appeal followed.

ANALYSIS

Appellant acknowledges that the trial court could have sentenced him to lifetime incarceration for the charge involving possession with intent to distribute one hundred grams or more of methamphetamine and up to forty years each for the other two distribution charges. Nevertheless, appellant argues that the trial court abused its discretion by imposing an active sentence of ten years because "appellant pled guilty, acknowledged his responsibility, admitted his struggles with substance abuse, and expressed remorse over his actions."

"We review the [trial] court's sentence for abuse of discretion." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). A court abuses its discretion when "a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). Accordingly, we may reverse a trial court's sentencing decision "only upon 'clear evidence that [the decision] was not judicially sound[.]'" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (alterations in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)).

"[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh*

*Duy Du*, 292 Va. at 564 (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). Accordingly, we may only consider whether the sentences fell outside the permissible statutory ranges. *See Fazili*, 71 Va. App. at 248; *Johnson v. Commonwealth*, 63 Va. App. 175, 181-82 (2014), *aff'd*, 292 Va. 772 (2016).

Although the trial court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01, it is well settled that the guidelines are "discretionary, rather than mandatory," *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. Sentencing decisions "rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Additionally, it is within the trial court's purview to weigh the mitigating evidence presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

The record reveals that the trial court imposed its sentences after weighing the mitigating and aggravating evidence offered by the parties. The trial court found that appellant had not accepted responsibility for his conduct; instead, appellant blamed his conduct on his family and other outward pressures. The trial court concluded that appellant knew he was doing wrong because he told the informant that he had "time hanging over [his] head" if he was caught selling drugs. Additionally, the trial court considered appellant's criminal history, which included a total of six drug-related charges, and concluded that he just "didn't get it." The trial court noted the escalating trend in appellant's methamphetamine sales to the informant, which started with a sale for $200 and concluded with a sale for $2,500. After balancing these factors, the trial court imposed sentences it deemed appropriate, which were within the ranges set by the legislature. *See* Code § 18.2-248.

Once it is determined that the sentences were within the statutory ranges, appellate review is complete. *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

To the extent that appellant argues that his sentences were disproportionate, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

CONCLUSION

Accordingly, we affirm the trial court's decision and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Melvin Dale Gunter, Jr. is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*