COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Ortiz and Lorish

ROSS LOVE HOWARD HASH

v.      Record No. 0287-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 4, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

(John O. Venner, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.


Ross Love Howard Hash appeals his sentence following his guilty pleas to possession of

a Schedule I or II drug and various driving offenses. Hash argues that the sentencing court

abused its discretion by not reducing the sentencing guidelines range for acceptance of

responsibility and by sentencing him above the guidelines range.[1] After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

dispositive" issue in this appeal has been "authoritatively decided, and the appellant has not argued

that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b);

Rule 5A:27(b). Consequently, we affirm the trial court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Hash, *pro se*, filed a document stating that he has additional issues to raise in his case. Because Hash does not specify what those issues are, we cannot consider them. Moreover, because Hash is represented by counsel and has not filed a motion to proceed *pro se*, his supplemental filing is not properly before the Court. *See Hammer v. Commonwealth*, 74 Va. App. 225, 241-42 (2022).

## I. BACKGROUND[2]

Hash pleaded guilty to possession of a Schedule I or II drug, driving under the influence of drugs, hit and run causing a personal injury, driving on a suspended license, third or subsequent offense, driving on the wrong side of the road, and failure to maintain lane. According to the stipulation of facts accompanying his guilty pleas, had the case gone to trial the Commonwealth would have proved that Hash was driving in Virginia Beach when he left the roadway on the right side and struck Phillip Ross, who was walking on the sidewalk. Ross "slid[] up onto the hood, crack[ed] the windshield, and f[e]ll off the vehicle." He suffered "deep lacerations to his back and leg, a contusion on his head, and possible head injury."

After striking Ross, Hash "continued across both northbound lanes, struck the center median curb, crossed the grassy median, and entered the southbound lanes while traveling northbound." Hash "abandoned the running vehicle with the driver's door open" approximately three tenths of a mile from where he struck Ross and walked north away from the crime scene. Law enforcement encountered Hash 400 feet from his car; Hash "was unsteady on his feet, . . . smelled heavily of alcohol," and was yelling nonsensically.

Hash told law enforcement that "he believed someone was in his trunk with a gun trying to get into the passenger's compartment of the vehicle while he was driving" and that Hash had been trying to get away from this person. Nobody was found in the trunk. Hash also told the police that "he probably hit a pole" and did not seem to realize that he had hit Ross. Police found a metal smoking device with cocaine in the driver's door of Hash's car. Hash's blood contained 0.04 mg/L of cocaine and 0.94 mg/L of benzoylecgonine.

---

[2] Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018).

The probation officer calculated Hash's sentencing guidelines range as two years and one month imprisonment to four years' imprisonment. Ross testified at the sentencing hearing that he had a major concussion, a laceration to his head, a laceration to his back and legs, and scarring as a result of the accident. Ross also testified that he suffered from dizziness, sleepless nights, and headaches. Hash generally testified at sentencing that he was sorry for what happened and made a terrible mistake. He testified that he had a drug relapse after his father passed away several days before the incident. He further testified that he did not see Ross, who "just popped up," that he stopped the car after hitting Ross, "would never run when [he] hit somebody," and left the car because he "was just trying to get help for" Ross. Hash denied being convicted of habitual offender in 1998, after which the Commonwealth submitted a certified conviction order reflecting a September 1998 habitual offender conviction.

Upon questioning from the court, Hash testified that he pulled over into a driveway about twenty or thirty feet from where he hit Ross and waited for the police to arrive. According to Hash, he was only ten or twenty feet from his car when the police arrived. He repeatedly insisted that he did not realize he had hit Ross and did not run from the scene and that he only pleaded guilty to hit and run because he did not want to be convicted of a worse offense. He also denied ever driving on the right-hand side of the road.

Hash asked the court to find that he had accepted responsibility and "give[] him credit for that." He did not clearly ask the court to amend the guidelines and did not request any particular sentence. The trial court departed from the guidelines and sentenced Hash to five years in prison for hit and run, one year in prison for possession of drugs, twelve months in jail and a $250 fine for driving under the influence, and twelve months in jail for driving with a suspended license, third or

- 3 -

subsequent offense.[3]  The total sentence therefore was six years and twenty-four months' imprisonment.  The trial court orally explained its sentence at length and filed a written reason for departure.  The court explained that the guidelines did not adequately capture the offense because they were based on Hash's drug possession, which the court believed was less salient than the hit and run.  The court also explained that the guidelines did not adequately weigh Hash's criminal history, which included twenty-five felony convictions, twenty-nine misdemeanor convictions, and twenty-five criminal traffic violations.  Finally, the court found that Hash was "untruthful at sentencing about his offense conduct" and "did not accept responsibility."  Hash appeals.

## II.  ANALYSIS

Hash first argues that the trial court abused its discretion by not reducing his sentencing guidelines range based on acceptance of responsibility.  Assuming that Hash's request to "give[] him credit" for acceptance of responsibility adequately preserved this issue for appeal, Hash's argument is squarely foreclosed by statute.  Code § 19.2-298.01(F) provides that a trial court's failure to follow any or all of the provisions of the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief."  *See also Jett v. Commonwealth*, 34 Va. App. 252, 256-57 (2001).

Hash also argues that the trial court abused its discretion by sentencing him above the guidelines range.  "Criminal sentencing decisions . . . are vested in the sound discretion of trial judges, not appellate judges."  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016).  "When exercising its discretionary power . . . , the trial court 'has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"  *Id.* at 563-64 (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13

---

[3] The trial court also fined Hash $250 for driving on the wrong side of the road and $100 for failure to maintain lane.

(2013)).  "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."  *Id.* at 564 (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).  Accordingly, we may reverse a trial court's sentencing decision "only upon clear evidence that [the decision] was not judicially sound[.]"  *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (alterations in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)).  "[I]n conducting our review, 'we are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them . . . ."  *Id.* (quoting *Branch v. Commonwealth*, 60 Va. App. 540, 548 (2012) (ellipsis in original)).

"Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted."  *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)).  The Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory."  *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007).  They are "merely procedural tools to assist and guide a judge in the exercise of the judge's sentencing discretion."  *Luttrell v. Commonwealth*, 42 Va. App. 461, 468 (2004).  Thus, "the circuit court was required only to consider the sentencing guidelines before sentencing [Hash] and to file with the record of the case a written explanation of any departure from the indicated range of punishment."  *West*, 273 Va. at 65 (citing Code § 19.2-298.01(B)).  The task of sentencing "rest[s] heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case."  *Minh Duy Du*, 292 Va. at 563.

Here, the record demonstrates that the sentencing court considered the guidelines, the circumstances of the offense, and Hash's history and characteristics.  After considering the evidence and explaining its reasoning on the record and in writing, the trial court sentenced Hash within the

statutory ranges set by the General Assembly. Specifically, the trial court sentenced Hash to five years in prison for hit and run causing personal injury, a crime punishable by up to ten years in prison, *see* Code §§ 18.2-10(e), 46.2-894; one year in prison for possession of controlled substances, a crime punishable by up to ten years in prison, *see* Code §§ 18.2-10(e), 18.2-250(a); twelve months in jail for driving under the influence of drugs, a crime punishable by up to twelve months in jail, *see* Code §§ 18.2-11(a), 18.2-266, 18.2-270(A); and twelve months in jail for driving on a suspended license, third or subsequent offense, a crime punishable by up to twelve months in jail, *see* Code §§ 18.2-11(a), 46.2-301(B), (C). We do not assess the appropriate application of any aggravating or mitigating factors supporting a trial court's sentencing decision, such as whether Hash accepted responsibility. It is within the trial court's purview to weigh any mitigating factors appellant presented. *See Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Hash's sentence was "within the statutory range, and our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*