COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Fulton and White

SAMUEL ADIL AGUILAR RODRIGUEZ

v.      Record No. 0558-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 29, 2022

FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Holly B. Smith, Judge

(Gordon C. Klugh; Law Office of Gordon C. Klugh, PLC, on brief),
for appellant. Appellant Submitting on brief.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.

Samuel Adil Aguilar Rodriguez appeals his conviction on one count of malicious

wounding by the Circuit Court of the City of Williamsburg and County of James City. Rodriguez

argues that the circuit court "failed to adequately consider the mitigating evidence offered at the

sentencing hearing." After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

---

[*] Pursuant Code § 17.1-413, this opinion is not designated for publication.

doing so, we "discard the evidence of the [accused] in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Gerald*, 295 Va. at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

Rodriguez pled guilty to one count of malicious wounding in violation of Code § 18.2-51. The written plea agreement provided that "this plea agreement is the total agreement between the parties and there have been no other inducements, promises, threats or coercion of any kind imposed upon the defendant or suggested to the defendant by the Attorney for the Commonwealth or any agent of the Commonwealth." Before accepting Rodriguez's guilty plea, the circuit court engaged him in a lengthy colloquy to determine whether Rodriguez understood the nature and consequences of his plea. During that colloquy, the circuit court asked Rodriguez if he had discussed the Virginia sentencing guidelines with his attorney and inquired if he understood that the court did not have to follow them. Rodriguez responded, "yes." The circuit court allowed the Commonwealth to summarize the evidence on the record. The Commonwealth described a violent domestic assault that lasted approximately two hours, resulting in extensive visible injuries to Rodriguez's romantic partner, with whom he had two small children, both of whom were present during the assault. After hearing the facts, the circuit court found that Rodriguez entered his plea "freely, voluntarily, intelligently, and with the advice of counsel." The circuit court then ordered the preparation of a presentence investigation report (PSR) and scheduled the matter for sentencing.

At the sentencing hearing, the circuit court considered the PSR and noted that the guidelines recommended a sentence of one year and six months at the low end, two years and ten months at the midpoint, and four years and two months at the high end. The circuit court admitted photographs of the victim's extensive injuries as an exhibit and considered the victim's testimony and her written victim impact statement. The circuit court then considered the arguments of counsel and

Rodriguez's statement in allocution before sentencing Rodriguez to twenty years in prison, with sixteen suspended. As a result, Rodriguez's active period of incarceration of four years is just under the high end of his guidelines. Rodriguez noted this appeal.

## ANALYSIS

Rodriguez contends that in sentencing him the circuit court failed to consider the "mitigating characteristics of the appellant as the offender" and asserts that the court failed to "articulate how it arrived at its sentence, aside from the injuries sustained by the victim and the details of the assault itself." Finding no error in the court's decision, we now affirm.

"We review [a] trial court's sentence for abuse of discretion." *Johnson v. Commonwealth*, 63 Va. App. 175, 181 (2014) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). A court abuses its discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). Accordingly, we may reverse a trial court's sentencing decision "only upon clear evidence that [the decision] was not judicially sound[.]" *DeLuca v. Commonwealth*, 73 Va. App. 567, 575 (2021) (alterations in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 488 (1998)).

"Given this deferential standard of review, we will not interfere with the sentence so long as it was within the range set by the legislature for the particular crime of which the defendant was convicted." *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *Scott*, 58 Va. App. at

46). That is, where the argument on appeal "is simply a challenge to the duration of imprisonment," an appellate court will only evaluate whether the sentence exceeded the maximum penalty prescribed by the sentencing statute. *Minh Duy Du*, 292 Va. at 564. The trial court's sentencing decision "will not be disturbed as long as it stays within" the range of punishment set by the legislature "and is not influenced by any mistake of law." *Id.* at 563-64 (quoting *Lawlor*, 285 Va. at 212-13). Moreover, although the trial court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01, it is well settled that the Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory," *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007).

Malicious wounding is a Class 3 felony, punishable by a "term of imprisonment of not less than five years nor more than twenty years and . . . a fine of not more than $100,000." Code §§ 18.2-51 and 18.2-10(c). The sentencing guidelines suggested a range of punishment between one year and six months and four years and two months. The circuit court sentenced Rodriguez to twenty years, with sixteen suspended. Thus, Rodriguez's sentence fell within *both* his guidelines range and the statutory range for a Class 3 felony. Moreover, in fashioning Rodriguez's sentence, the circuit court expressly considered the facts of the assault, everything contained in the PSR, the victim impact statement, the victim's testimony, the arguments of counsel, and Rodriguez's apology made in allocution, before sentencing him toward the high end of the guidelines. Contrary to Rodriguez's assertion, the sentence imposed upon him is not excessive, because it was both within the guidelines and the applicable statutory range set by the legislature. Thus, the circuit court did not abuse its discretion in sentencing Rodriguez to twenty years in prison, with sixteen years suspended. "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Minh Duy Du*, 292 Va. at 565 (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974)). Having

found that Rodriguez's sentence was within the statutory range, "our task is complete." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

The circuit court clearly considered all the evidence presented and consulted the discretionary criminal sentencing guidelines before sentencing Rodriguez to a term of imprisonment within the applicable statutory range. Thus, the circuit court did not abuse its discretion in fashioning the sentence. We affirm the circuit court's decision.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*